# Clark's Appeal.

18　175
40SC　137

1. One of two guardians remains liable for assets which were once in his hands, but which he had voluntarily delivered over to his co-guardian.

2. One of two guardians having assets of his ward in his hands, being about to remove, delivered to his co-guardian the property in his hands. He subsequently joined with his colleague in the statement of a guardianship account, and the latter afterwards became insolvent: On a petition for review, it was *held* that the former was liable for the balance due the wards.

APPEAL by David Clark, executor of the will of Alexander Adams, deceased, from the decree of the Orphans' Court of Washington county upon the petition of review by said executor alleging errors in the account of William Stewart and Alexander Adams, guardians of Thomas and William Boon.

[Clark's Appeal.]

·  At June Term, 1825, Wm. Stewart and Alex. Adams were appointed guardians of Elizabeth, Thomas, William, and G. S. Boon, minor children of Thomas Boon, deceased.  No guardianship bond was required of them.  The estate of the minors received by said guardians from the administrators of Thomas Boon consisted of bonds amounting in all to the sum of $2097.07.  Prior to the spring of 1840, Adams had attended principally to the management of the estate.  At that period he was old, and was about to remove from the neighborhood where the Boon family were residing.  Thomas was then of age, William was still a minor.  On the 16th March, 1840, Adams delivered to Stewart all the papers, bonds, and moneys of the estate in his possession, and took Stewart's receipt for the same.  No funds of the minors came to his hands after 16th March, 1840; from that time Stewart had the entire management of their estates.

On the 15th January, 1844, Stewart employed counsel to state his guardianship accounts.  Adams, it was alleged, as a matter of form signed his name with Stewart to the accounts.  These settlements showed a balance due to Thomas Boon of $142.64, and to William Boon of $345.62, and were confirmed by the Orphans' Court.

Thomas and Wm. Boon afterwards presented petitions of review, and both their accounts were referred to the same set of auditors.  The principal error complained of and sustained by the auditors, was in the mode of computing interest.  The auditor's reports were made to May term, 1847, exhibiting an amount due Thomas of $324.28, and an amount due William of $650.46. Adams died prior to the audit; his executor David Clark appeared before the auditors, and it was insisted that the estate of Adams was not liable for any mismanagement of his colleague after 16th March, 1840; and that as regarded Thomas Boon, his share had been fully paid on orders drawn by him upon Adams in favor of G. S. Boon.  Auditors were appointed, who were of opinion that they had no authority to go beyond the errors assigned in the petition of review.

The executor then applied for relief to the Orphans' Court, by petition of review, at the same term to which the auditor's reports were made; the accounts were opened and referred to three other auditors, who, upon the authority of Jones' Appeal, 8 *Watts & Serg't.* page 143, and the authorities there cited, were of opinion, 1. That the estate of Adams was not liable for any mismanagement of the trust estate by Stewart subsequent to the 16th March, 1840; and, 2. That the evidence established that Thomas and Wm. Boon had been paid their shares in full, and therefore had no claim on Adams's estate.  A report of the auditors to this effect was made to Feb. Term, 1848, which at August Term, 1849, was confirmed as to Thomas's account, and referred back to the auditors

as to William's account, to take further testimony. At Nov. Term, 1849, on motion of the counsel of the appellees, both accounts were referred back to the auditors, who made a second report to May Term, 1850, re-affirming their former views, and in favor of the discharge of Adams's estate from liability. At August Term, 1850, the Court below made their decree, overruling the auditor's report and deciding that Adams was liable to Thomas Boon in the sum of $146.50; and to Wm. Boon in the sum of $257.39, with interest from 25th May, 1847.

From this decree the appeal was taken.

*Acheson* and *Wilson*, for appellant.

*Montgomery*, contrà.

The opinion of the Court, filed November 13, was delivered by CHAMBERS, J.—The error assigned by the plaintiff in error, and relied on as most material, was in the decree of the Orphans' Court in charging the estate of Alexander Adams, deceased, with liability to William Boon and Thomas Boon, who were the wards of said Alexander.

William Stewart and Alexander Adams were appointed, in 1825, joint guardians of Thomas and William Boon, and two other minor children of Thomas Boon, deceased, and in 1827 and 1830 executed joint receipts for the effects of their wards, amounting to $2097. On the 15th January, 1844, they settled a joint account in the Orphans' Court of Washington county, charging themselves with a balance in favor of Thomas of $142.65, and in favor of William of $345.63, which account was confirmed by that Court in February, 1844. On the petition of Thomas and William Boon for a review of this account, auditors were appointed, and before this review was finally disposed of in May, 1847, David Clark, as executor of Alexander Adams, petitioned the same Court for a review of the account referred to, settled by his decedent. On the part of the estate of Adams, it is alleged that on the 16th March, 1840, Adams transferred and delivered over to Stewart, his co-guardian, the notes, bonds, and moneys of their wards, and by that transfer Adams and his estate were discharged from liability.

Though the law is not stringent with guardians who act in good faith, though erroneously, yet it requires reasonable care and vigilance in the protection of the interests of their wards. It would be to no good purpose that the want of discretion and judgment in minors was to be provided for by the appointment of suitable guardians, if such guardians were not held responsible for care and attention to the trust confided to them by the law. The default which occasions a loss to their wards must not be wilful, and their negligence must not be supine. Mr. Adams was a

man of property, in whom the wards and their next friends may have confided. He was in possession of their funds from the time of their receipt in 1825, till 1840, when, for his convenience, he ·surrenders all to Stewart, his co-guardian, in whose security he may have had confidence. If he failed to inquire into the sufficiency of his co-guardian when he delivered over to him all the effects of the minors in his hands, and of which he was the guardian, he was wanting in reasonable care. It may be supposed that he made such inquiry, and was so well satisfied of the sufficiency and security of his co-guardian as to be willing to be joined in liability with him to their wards. It is alleged that this transfer of the effects and trust of the wards by Adams to Stewart, was a transaction known to and approved of by the family of Boon. On this subject the evidence is contradictory and irreconcileable. But if established, it would not furnish an exoneration from legal responsibility, for the children were at the time all minors but Thomas, and there is no evidence to be relied on that he was present or had consented thereto. Whilst the law protects minors from compacts with strangers, by reason of their want of capacity, it will not allow their guardians to profit by their assent and compacts to and with them. Nay, so jealous is the law of the influence and advantage of a guardian over his ward, that settlements between them shortly after the arrival of the ward at full age, are received with distrust, and are open to review and re-examination: Elliott *v.* Elliott, 5 *Bin.* 8 ; Say's exrs. *v.* Barnes, 4 *Ser. & R.* 114.

For the exemption of Adams and his estate from responsibility to his wards, the plaintiff in error relies on the opinion of this Court, as delivered by C. J. GIBSON, in Jones' Appeal, 8 *W. & Ser.* 147. But that case is clearly distinguishable from this in the most material circumstances. The money there had not gone into the hands of the guardian sought to be charged, nor had he united in settling a joint account. Whereas Adams was the receiver of the money and effects, and their exclusive keeper for a series of years, and of his own accord delivers all to his co-guardian. The subsequent acts of Adams attest that he did not consider himself discharged from his responsibility. Nearly four years after the transfer of the funds of the wards, he unites with his co-guardian in settling a joint account charging themselves with these funds, which was confirmed by the Orphans' Court. He does not ask the Court to discharge him as guardian, nor invoke in any way the aid of the Court for his relief. From this official act of joint settlement, the minors and their next friends had plenary evidence that Mr. Adams avowed his full responsibility to account for all the effects of these minors. He lives for near three years after that settlement without exception or complaint, or any application for review or exoneration.

[Clark's Appeal.]

After such action and acquiescence on the part of Mr. Adams, it would be unjust to the confiding wards to exonerate his estate from liability for his co-guardian, and cast the loss on minors who were not competent to take care of their interests.   In the decree of the Orphans' Court, that the estate of Adams was chargeable, there was no error, and this in a great measure disposes of this case.

With respect to the amounts due and payable to Thomas and William Boon by their guardians, out of the conflicting evidence the Orphans' Court assumed as correct the sums reported by the auditors.   Under all the evidence, we think no better basis can be adopted; but that Court, inadvertently we presume, committed an error in adding the clerks' and auditors' fees in each case to the amount of the report of the auditors, and in also making a decree against accountant for the costs in the several cases, which would have subjected the estate of Adams to a double charge for the costs.   For this error of calculation on the basis adopted, this Court reverses the decree of the Orphans' Court in part, and, in reform of the same, decree that there is due to Thomas Boon the sum of $114.04, with interest from the 24th May, 1847; and that there is due and payable to William Boon the sum of $224.83, with interest from said 24th May, 1847, by the estate and representatives of said Alexander Adams, deceased, and that the accountant, David Clark, executor of Alexander Adams, pay all the costs incurred on the bill of review and appeal.